UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA )
)
v. ) NO. 2:03-CR-74
)
)
HOPE BROWN )

**O R D E R**

       This criminal matter is before the Court for sentencing. Pursuant to this

Court's interpretation of *United States v. Booker*, 125 S. Ct. 738 (2005) this Court

must decide, on a case by case basis, what sentence is reasonable in this case based

upon a consideration of the otherwise applicable guidelines range as well as the other

statutory factors which are set forth in the Sentencing Reform Act. Title 18, U.S.C.

§ 3553(a) requires a sentencing court to consider:

    (1) the nature and circumstances of the offense and the history and
characteristics of the defendant;
    (2) the need for the sentence imposed –
       (A) to reflect the seriousness of the offense, to promote respect
for the law and to provide just punishment for the offense;
       (B) to afford adequate deterrence to criminal conduct;
       (C) to protect the public from further crimes of the defendant;
and
       (D) to provide the defendant with needed educational or
vocational training, medical care, or other correctional treatment in the
most effective manner;
    (3) the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for:
     (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission . . .;
(5)  any pertinent policy statement issued by the Sentencing Commission . . .;
(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)  the need to provide restitution to any victims of the offense.

In deciding the question of how much weight the guidelines should carry in arriving at a reasonable sentence, this Court FINDS, post *Booker*, that the guidelines, although advisory and only one factor among others to be considered in arriving at a reasonable sentence, are entitled to substantial weight in the sentencing decision.  Only when clearly outweighed by some other factor(s) set forth in § 3553(a) will the Court be inclined to sentence outside the appropriate guideline range.

The Court's analysis in regard to the applicable factor(s) set forth in § 3553(a) is as follows:

1.  <u>THE NATURE AND CIRCUMSTANCES OF THE OFFENSE</u>

The Court FINDS that the offenses of conspiracy to distribute and to possess with the intent to distribute 50 grams or more of cocaine base or crack and conspiracy to launder monetary instruments are very serious offenses.  The defendant admitted in her agreed factual basis that she had been involved in a conspiracy involving at least 500 grams but less than 1.5 kilograms of crack which subjects her to a ten (10) year

mandatory minimum term of imprisonment.

2. <u>THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT</u>

The defendant, Hope Brown, was born on July 12, 1956 in Bristol, Tennessee. She has one adult child and she is the mother of one minor child who lives with his father, Greg Brown, in Florida. Although she was married to Stephen Vestal in 2001, she is unsure of the status of this relationship.

The defendant admitted that she had smoked marijuana daily for the past 33 years. She began using crack cocaine in the year 2000 and used it regularly in 2001 and 2002. The defendant apparently became involved with Darryl McCrae in his drug distribution activity in Johnson City, Tennessee, because of her addiction to crack cocaine. She admitted traveling to North Carolina to pick up crack cocaine, distributing drugs, and wiring money for McCrae for drug debts.

The defendant testified that she took part in the drug conspiracy from March of 2002 to October of 2002 when McCrae told her that he was leaving town and moving to another state. When she learned that he was still involved in drugs and had only moved to the adjacent town of Kingsport, Tennessee, she made no attempt to contact him in order to continue her illegal conduct. She stated that between October of 2002 and her arrest on November 6, 2003, she was not involved in any illegal activity and that she had overcome her drug addiction on her own.

3.  THE NEED FOR THE SENTENCE IMPOSED

The Court FINDS that there is a need for the sentence imposed because of the need for deterrence of future criminal conduct on the part of the defendant and others.   Although the defendant was involved in the conspiracy for a short period of time, she was involved with a large quantity of drugs and money.

4.  SENTENCING RANGE ESTABLISHED BY THE GUIDELINES

The sentencing range established by the guidelines is 135 to 168 months.

5.  THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES

The Court FINDS that the only standard that the Court has to apply to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct is the guidelines.


CONCLUSION

Taking all the foregoing factors into consideration, the Court FINDS that the following factors, none of which are taken into account by the guidelines calculation, weigh in the defendant's favor and dictate a sentence outside the advisory guideline range:

1.  The defendant withdrew from the conspiracy voluntarily;

2.  She engaged in no further illegal conduct in the one year period prior to her arrest: and

3.  She overcame her drug habit on her own.

4

Based upon all the applicable factors as a whole, the Court FINDS that a reasonable sentence for this defendant is one hundred and twenty (120) months.

E N T E R:

S/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE