UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


UNITED STATES OF AMERICA      )
     )
v.      )      NO. 2:03-CR-74
     )
HOPE BROWN      )


**O R D E R**

This matter is before the Court on the defendant's motion for reduction

of sentence, [Doc. 471], pursuant to 18 U.S.C. § 3582(c), based on the 2007

amendment to the Sentencing Guidelines which reduces the base offense level for

crack cocaine offenses (Amendment 706) and which was made retroactive effective

March 3, 2008. *See* USSG § 1B1.10 (Revised Dec. 11, 2007). Under 18 U.S.C. §

3582(c)(2), a district court has discretion to reduce the sentence of a defendant "who

has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission . . . after considering the

factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if such

a reduction is consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(2). The 2007 amendment, effective November

1, 2007, generally reduced by two levels the offense level applicable to crack cocaine

offenses. The parties have filed a joint response to the defendant's motion, [Doc. 509], and no hearing is requested by the defendant.

The defendant, upon her pleas of guilty, was convicted of conspiracy to distribute and possession with the intent to distribute cocaine base in violation fo 21 U.S.C. § § 846, 841(a)(1) and (b)(1)(A) and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(ii). Applying the 2003 version of the Sentencing Guidelines, the probation officer determined her base offense level was 36 for the crack conspiracy. The base offense level was reduced by two levels because she met the criteria for the safety valve, USSG § 2D1.1(b)(6), for an adjusted offense level of 34. The probation officer then grouped the convictions with a base offense level of 34. Then it was increased by two levels pursuant to USSG § 2S1.1(b)(2)(B), and it was reduced three additional levels pursuant to USSG § 3E1.1(a) and (b), resulting in a total offense level of 33, a criminal history category of I, and a guideline range of imprisonment of 135 to 168 months. The defendant was subject to a mandatory minimum sentence of ten years, but, because she qualified for safety valve criteria, this Court had the authority to impose a sentence without regard for the statutory minimum. On June 27, 2005, this Court sentenced the defendant to 120 months, departing downward from the Guidelines range because it found that the defendant had voluntarily withdrawn from her criminal conduct. The defendant's scheduled release date is August 16, 2013.

The parties agree that Amendment 706 would reduce the advisory guidelines range in defendant's case and that the Court has the discretion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). They also agree that the guidelines range under amended USSG § 2D1.1 is 108 to 135 months[1] and that USSG § 1B1.10(b)(2) limits the Court's discretion to reduce the defendant's sentence below 96 months under the circumstances of this case. Section 1B1.10(b)(2) limits a reduction in sentence where the original sentence, as here, was less than the term of imprisonment provided by the guideline range applicable at the time of sentencing, to a sentence "comparably less than the amended guideline range." Therefore, a comparable reduction under the amended guideline range would be a term of 96 months, a 24 month reduction. USSG § 1B1.10(b)(2), App. Note 3.

The parties leave the extent of reduction, if any, to the discretion of the Court. In determining whether a reduction is appropriate and the extent of the appropriate reduction, 18 U.S.C. § 3582(c)(2) requires the Court to consider the factors set forth in 18 U.S.C. § 3553(a). Section 1B1.10 further requires the Court consider public safety considerations, i.e. "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's

---

[1]The base offense level under the amendment is 34, less two levels for safety valve, plus two levels pursuant to USSG § 2S1.1(b)(2)(B), and minus three levels for acceptance of responsibility under § 3E1.1, for a total offense level of 31 with a criminal history category of 1.

term of imprisonment." USSG § 1B1.10, App. Note 1(B)(ii).  Additionally, the Court "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment."  USSG § 1B1.10, App. Note 1(B)(iii).

The only reason appearing in the record for the Court's original 11 percent departure from the otherwise applicable guidelines range was the defendant's withdraw from her criminal conduct.  In determining where within the resulting guidelines range to sentence, the Court was guided by an evaluation of the factors set forth in 18 U.S.C. § 3553(a).  Consideration of those factors led this Court to impose a sentence of 120 months.  A review of the same factors leads this Court to the conclusion that a comparable reduction in the defendant's sentence is now appropriate, unless there are public safety considerations or post-sentencing conduct of the defendant which makes such a sentence unreasonable.  As noted in the "Memorandum Regarding Retroactivity" from the U. S. probation office and the original presentence report, the defendant has no prior convictions for violent crimes and no other public safety considerations are apparent, nor were any called to the Court's attention by the government.  The U.S. probation office was "unable to locate any information that would indicate the defendant is a risk of danger to any person or the community." Additionally, information from the Bureau of Prisons establishes that the defendant has not been a disciplinary problem during her term of imprisonment.

Therefore, it is **ORDERED** that the defendant's motion pursuant to 18 U.S.C. § 3582(c), [Doc. 471], is **GRANTED** and the defendant's sentence is reduced to 96 months of imprisonment. It is further **ORDERED** that this order shall not take effect for ten (10) days, day for day, from its entry. It is further **ORDERED**, except as provided herein, that all other provisions of the Court's July 11, 2005 judgment shall remain in effect. It is also **ORDERED** that defendant's "Motion for Ruling on Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)" [Doc. 22], is hereby **MOOT**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE